# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONSOL OF KENTUCKY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 17-0162**  (BOR Appeal No. 2051603)
                            (Claim No. 2017000468)

**AMOS BREWER,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Consol of Kentucky, Inc., by James Heslep its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amos Brewer, by Jasmine Morton and Linda Garrett his attorneys, filed a timely response.

The issue presented in the instant appeal is the compensability of Mr. Brewer's claim for workers' compensation benefits. On May 18, 2016, the claims administrator rejected the claim. The Office of Judges reversed the claims administrator's decision on October 4, 2016, and held the claim compensable for a right shoulder sprain, a cervical spine sprain, and a lumbosacral spine sprain. This appeal arises from the Board of Review's Final Order dated January 23, 2017, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brewer alleges that he injured his cervical spine, lumbar spine, and right shoulder when he slipped while entering a piece of heavy machinery on May 3, 2016, during the course of his employment with Consol of Kentucky, Inc. Immediately following the incident, Mr. Brewer sought treatment in the emergency department of Williamson Memorial Hospital where he reported experiencing pain in the posterior aspect of his right shoulder, lower back pain, and

1

numbness in his hands after slipping while climbing into a piece of heavy machinery. Mr. Brewer completed an Employee's and Physician's Report of Injury while in the emergency department. In the report, Mr. Brewer indicated that he injured his right shoulder and back while entering a piece of machinery. The physician's portion of the report was completed by healthcare providers at Williamson Memorial Hospital and Mr. Brewer's injury was categorized as a muscle strain. A Medical Incident Report was also completed on May 3, 2016. The report indicates that Mr. Brewer sustained a right shoulder strain while entering a piece of heavy machinery.

On May 4, 2016, Mr. Brewer sought treatment in the emergency department of Tug Valley Appalachian Regional Hospital amid complaints of progressive pain in the right shoulder and cervical spine, along with lower back pain, following a work injury which occurred the previous day. Mr. Brewer was diagnosed with cervical radiculopathy and a lumbar sprain. An Employer's Report of Injury was completed on May 16, 2016, and indicates that Mr. Brewer reported experiencing numbness in his right shoulder and right arm on May 3, 2016, while attempting to enter a piece of heavy machinery. The claims administrator rejected Mr. Brewer's application for workers' compensation benefits on May 18, 2016.

Mr. Brewer testified in a hearing before the Office of Judges on September 14, 2016. He testified that on May 3, 2016, he felt immediate pain in his right arm, back, and shoulder blades when he slipped while climbing into a piece of heavy machinery. Mr. Brewer further testified that he reported the injury to his supervisor immediately. While being cross-examined by counsel for Consol of Kentucky, Mr. Brewer was directly asked whether he filed a claim for workers' compensation benefits because he expected that layoffs would occur at his worksite. Mr. Brewer indicated that he was unaware that layoffs would occur prior to the injury, and specifically stated that he was not informed of a layoff affecting his job status until after he filed a claim for workers' compensation benefits.

In its Order reversing the May 18, 2016, claims administrator's decision, the Office of Judges held that Mr. Brewer sustained a compensable injury on May 3, 2016, in the form of a right shoulder sprain, cervical spine sprain, and lumbar spine sprain. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its Order dated January 23, 2017. On appeal, Consol of Kentucky asserts that the evidence of record contains inconsistencies which render a finding of compensability impossible.

The Office of Judges found that the mechanism of injury described by Mr. Brewer is consistent with the medical evidence of record. Moreover, the Office of Judges found that Mr. Brewer immediately reported the incident and was taken to Williamson Memorial Hospital where he completed a Report of Injury. In this report Mr. Brewer stated that he injured his right shoulder and back when he slipped while entering a piece of machinery. Further, the Office of Judges found that the treatment notes from Williamson Memorial Hospital clearly indicate that Mr. Brewer complained of right shoulder and back pain following a work-related injury when initially seeking treatment. Finally, the Office of Judges noted that Consol of Kentucky asserts that the provisions of West Virginia Code § 23-4-1c(a)(2)(B) (2009), which provides that the claims administrator shall take into consideration any evidence that a claimant received notice of a layoff or elimination of his position within sixty days of the filing of a claim for workers'

compensation benefits, dictate that compensability of the claim be denied given that Mr. Brewer was subject to a layoff within sixty days following the date of injury. However, the Office of Judges found that Mr. Brewer's testimony establishes that he was unaware that Consol of Kentucky would be executing layoffs until after he filed a claim for workers' compensation benefits. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker